UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HENRY KUEHN and JUNE P. KUEHN**                                        **PLAINTIFFS**

**V.**                                        **CIVIL ACTION NO.1:06CV723 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                **DEFENDANT**

## MEMORANDUM OPINION

The Court has before it Plaintiffs Henry and June Kuehn's (the Kuehns) motion to remand. For the reasons set out below, this motion will be granted.

This action was originally filed in the Chancery Court of Jackson County, Mississippi. The action is for injunctive and declaratory relief with respect to the process of appraisal, as set out in Defendant State Farm Fire and Casualty Company's (State Farm) homeowners policy number 24-BN-1533-4.

The policy provides:

**SECTION I - CONDITIONS**

4.     **Appraisal**: If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of the receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of loss. If the appraisers fail to agree within a reasonable amount of time, they shall submit their differences to the umpire. Written agreement signed by any two of these three people for any item shall set the amount of loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us. (Complaint Paragraph V)

The complaint, in paragraph VIII, alleges that on January 17, 2006, plaintiffs notified State Farm that they wished to invoke the provisions of the policy relating to appraisal. Plaintiffs allege that: "Also on January 17, 2006, Plaintiffs received a telephone call from an adjuster for Defendant communicating that Plaintiffs were not entitled to appraisal and that it was being denied." State Farm's answer to paragraph VIII states: "State Farm admits certain communications occurred between the plaintiffs, someone represented themselves to be the plaintiffs or someone representing the plaintiffs and a representative of State Farm, and that, during these communications, the representative of State Farm misstated State Farm's policy and procedures regarding appraisals." (State Farm Answer Paragraph 8)

In paragraph 9 of its answer, State Farm asserts: "State Farm specifically avers that the question of whether a covered loss has occurred is not subject to appraisal."

Mississippi's leading case on this issue is *Munn v. National Fire Insurance Co. of Hartford*, 115 So.2d 54 (Miss.1959). This case stands for the proposition that while appraisal is not a method of adjudicating liability under a casualty insurance policy, it is a valid method of establishing the amount of damage that has occurred.

At this juncture, the Kuehns are not seeking an adjudication of liability. Plaintiffs have only requested that they be granted declaratory and injunctive relief requiring State Farm to honor the appraisal provisions of its policy. While there is complete diversity of citizenship between the parties, the requisite jurisdictional amount is not presently in controversy. *Trapasso v. Prudential Property and Cas. Ins. Co.*, 220 F.Supp.2d 628 (E.D.Tex.2002). Thus, I find that this Court does not have subject matter jurisdiction of this action under 28 U.S.C. §1332. Accordingly, I will remand this action to the Chancery Court of Jackson County, Mississippi, for further proceedings.

An appropriate order will be entered.

**DECIDED** this 19th day of January, 2007.

s/ L. T. Senter, Jr.
L. T. Senter, Jr.
Senior Judge